<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit

No. 98-2067

                 NILDA SALDANA SANCHEZ, ET AL.,

                    Plaintiffs, Appellants,

                               v.

                    RAMON VEGA SOSA, ET AL.,

                     Defendants, Appellees.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

       [Hon. Juan M. Perez-Gimenez, U.S. District Judge]

                             Before

                   Selya, Boudin and Stahl,
                                
                       Circuit Judges.
                                

    Antonio Bauza Torres on brief for appellants.
    Carlos Lugo-Fiol, Solicitor General, Edda Serrano-Blasini,
Deputy Solicitor General, and Irene S. Soroeta-Kodesh, Assistant
Solicitor General, on brief for appellees Vega Sosa and Ferrer.
    Aldarondo & Lpez Bras, Eliezer Aldarondo Ortiz, Claudio Aliff
Ortiz and Pablo Landrau Pirazzi on brief for appellee Lpez Gerena.

April 15, 1999

                               

 SELYA, Circuit Judge.  Plaintiffs, former employees of
the Municipality of Humacao, alleged that they were dismissed from
non-policymaking positions in the municipal government on account
of their political affiliations.  See Rutan v. Republican Party of
Illinois, 497 U.S. 62 (1990); Branti v. Finkel, 445 U.S. 507
(1980); Elrod v. Burns, 427 U.S. 347 (1976).  After a trial that
lasted upwards of three weeks, the district court submitted the
case to the jury.  In respect to compensatory damages, the court
charged as follows:
   If you find that [a] defendant is
 liable to [a] plaintiff, then you must
 determine an amount that is fair compensation
 for all of the plaintiff's damages.  These
 damages are called compensatory damages.  The
 purpose of compensatory damages is to make the
 plaintiff whole   that is, to compensate the
 plaintiff for the damage that the plaintiff
 has suffered.

   You may award compensatory damages only
 for injuries that the plaintiff proves were
 proximately caused by the defendant's
 allegedly wrongful conduct.  The damages that
 you award must be fair compensation for all of
 the plaintiff's damages, no more and no less.  
 You should not award compensatory damages for
 speculative injuries but only for those
 injuries which the plaintiff has actually
 suffered or that the plaintiff is reasonably
 likely to suffer in the future.

The jury found the defendants liable and awarded compensatory
damages in varying amounts to the several plaintiffs.
 The plaintiffs then filed a post-verdict motion
requesting equitable relief.  The district court ordered some
incremental redress (e.g., reinstatement) but refused to award back
pay, principally on the ground that back pay was subsumed by the
jury's compensatory damage awards.  See Saldaa Sanchez v. Vega
Sosa, Civ. No. 90-1403 (PG), slip op. at 5 (D.P.R. March 21, 1997)
(unpublished).  The plaintiffs appeal from the denial of back pay.
 The plaintiffs' basic argument is that the trial court
"erred in denying back pay to plaintiffs as the issue of back pay
was not placed to the jury as one of the factors to be considered
when awarding compensatory damages."  Appellants' Brief at 3.  We
reject this argument for three interrelated reasons.
 First:  This case is controlled by our decision in
Santiago-Negrn v. Castro-Dvila, 865 F.2d 431 (1st Cir. 1989), in
which we held:
 [I]n a  1983 case based upon an alleged
 unconstitutional political firing where the
 issues of liability and compensatory damages
 will be determined by a jury, back pay shall
 be considered by the jury as one of the items
 of compensatory damages.

Id. at 441.  We explained that:
 Submission of the issue of back pay to the
 jury as a factor to be considered in its award
 of compensatory damages eliminates the
 inevitable overlap between compensatory
 damages and back pay.  In most cases of an
 alleged unconstitutional firing, there will be
 evidence of the employee's pay.  To expect a
 jury to ignore this is unrealistic, especially
 where it may constitute the major item of
 compensatory damages.

Id.  We have followed the same rationale in subsequent cases.  See,
e.g., Perez-Serrano v. DeLen-Vlez, 868 F.2d 30, 32-33 (1st Cir.
1989); Cordero v. De Jess-Mndez, 867 F.2d 1, 6 (1st Cir. 1989).
 Like Santiago-Negrn, this was a political reprisal case
in which a jury trial had been demanded, see Fed. R. Civ. P. 38(b),
and the issues of liability and compensatory damages were therefore
to be determined by a jury.  In such circumstances, our precedents
are squarely on point.  Thus, the district court properly followed
the teachings of Santiago-Negrn and refused to augment the damage
awards with back pay awards.
 Second:  The plaintiffs contend that Santiago-Negrn and
its progeny should not govern here because the lower court's
instructions did not explicitly tell the jury that it could
consider back pay in calculating the quantum of compensatory
damages.  This contention lacks force.  There was no such express
instruction in Santiago-Negrn itself.  See Santiago-Negrn, 865
F.2d at 441.  Seen in that perspective, the Santiago-Negrn rule
contemplates that, with or without an affirmative instruction, a
jury, having heard evidence of lost wages and being left at liberty
to consider that evidence, is all too likely to factor those
foregone wages into the decisional calculus.  See id. at 441-42;
see also Cordero, 867 F.2d at 6-7.  Here, the plaintiffs concede
that the jury heard evidence of their lost wages, and they do not
claim that the court instructed the jury to disregard this evidence
in computing compensatory damages.  Thus, Santiago-Negrn applies.
    Third:  This might be a different case, of course, if the
plaintiffs had requested that the trial court give an explicit
instruction (either one placing back pay squarely within the jury's
contemplation, or one removing it from the jury's ken).  However,
in the meager appellate record that the plaintiffs have produced,
there is no sign that they made such a request   and, in their
brief, they do not claim to have done so.  Even more important, the
plaintiffs have not alleged that they seasonably objected to the
charge that the trial court in fact gave.  Failure to object to
jury instructions at the time and in the manner specified by Fed.
R. Civ. P. 51 constitutes a forfeiture.  See, e.g., Elliot v. S.D.
Warren Co., 134 F.3d 1, 5-6 (1st Cir. 1998); La Amiga del Pueblo,
Inc. v. Robles, 937 F.2d 689, 691-92 (1st Cir. 1991).  We see no
reason to relieve the instant plaintiffs from the easily
foreseeable consequence of such an omission.
    We need go no further.  The plaintiffs had a bite of the
apple when the judge submitted the question of compensatory damages
to the jury.  They were not entitled to a second bite after the
jury delivered its verdict.

Affirmed.

</body>

</html>